IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMERICAN ATHEISTS, INC.,
& CHARLES RAY SPARROW,

      Plaintiffs,

v.                              Case No. 1:15cv113-MW/GRJ

LEVY COUNTY, FLORIDA,

      Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**

This case is a constitutional challenge to the display of a Ten Commandments monument in the yard of the courthouse in Levy County, Florida, and the County's denial of an atheist group's request to place a monument of its own nearby. Plaintiffs are American Atheists, Inc., and Charles Ray Sparrow, a member of that organization living in Levy County. Defendant is Levy County. In their complaint Plaintiffs assert that the display of the Ten Commandments monument is an establishment of religion which violates both the Florida Constitution and United States Constitution. They also assert that the denial of their application to erect another monument denies them the equal protection of the law. The County moves to dismiss the complaint, arguing that the

1

Plaintiffs do not have standing to bring these claims and that the complaint fails to state a claim upon which relief can be granted. This Court has considered the matter without hearing.

This order denies the County's motion to dismiss. First, the complaint includes enough alleged facts to show, if true, that Plaintiffs have injuries caused by Defendant which can be remedied by a favorable decision. Second, the complaint states plausible establishment and equal protection claims. The County must answer the complaint.

I

In relevant part the complaint alleges the following facts. The Levy County Board of County Commissioners approved the placement of a large Ten Commandments monument in the courtyard of the Levy County courthouse at a prominent place next to the flagpole. The Board unveiled the monument through a religious ceremony which included prayers. A number of other county offices are in the courthouse. Plaintiffs say that they have been harmed by unwelcome contact with the Ten Commandments monument resulting from the need to use county facilities. Also Plaintiffs have applied to have a monument placed at or near the location of the Ten Commandments, or at a place of similar prominence

on the courthouse grounds. But the County has denied that application.

II

In this action Plaintiffs ask for a judgment declaring that the display of the Ten Commandments monument is unconstitutional and ordering the County to remove it. That failing, Plaintiffs ask for a judgment declaring that the denial of their monument application is unconstitutional and ordering the County to allow them to erect an equivalent monument or display near the Ten Commandments monument.

The County moves to dismiss the complaint. First, the County challenges Plaintiffs' standing to bring these claims. A plaintiff establishes standing by demonstrating: (1) an actual and imminent injury to a legally protected interest that is concrete and particularized, not conjectural or hypothetical; (2) a causal connection between the injury and conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant, not the result of some third party not before the court; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 560–61 (1992). "These requirements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quotation omitted). The elements of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

The County also says that the complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint is subject to dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1]

When considering a motion to dismiss, a district court usually looks only to the facts alleged in a complaint, assumes those

---

[1] It does not appear that the County has made any separate arguments for dismissal of the claims under the Florida Constitution.

facts are true, and views those facts in the light most favorable to the plaintiff.

III

Turning to the First Amendment claim, the County says that Plaintiffs lack standing to bring it and that the claim, as stated, is meritless. This Court disagrees on both points.

A

The County asserts that Plaintiffs cannot establish standing to sue under the Establishment Clause of the First Amendment. It argues that the allegation of "unwelcome contact" with the monument is not enough to meet the first element of standing, the requirement that a plaintiff have suffered an injury-in-fact.

In a similar case involving a display of the Ten Commandments on the grounds of a state capitol, *Van Orden v. Perry*, 545 U.S. 677 (2005), the plaintiff, at one time a lawyer, testified that he frequently encountered the display on his visits to the state capitol grounds. Usually he was going to the library of the state supreme court. *Id.* at 682. The Supreme Court found that the monument did not violate the First Amendment. *Id.* at 681. But the Court did not suggest that the plaintiff lacked standing to bring such a claim.

At this stage of the case "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561. A court presumes that "general allegations embrace those specific facts that are necessary to support the claim." *Id.* At later stages of the case, Plaintiffs must set forth more specific facts and evidence. *Id.*; *e.g.*, *ALCU of Florida, Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1248–49 (11th Cir. 2012). And a plaintiff seeking injunctive relief must show a likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–07 (1983). But Plaintiffs' allegation of unwelcome contact with the display resulting from the need to use county facilities, taken as true, is sufficient at this stage of the case.

B

The First Amendment announces that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." Through the Fourteenth Amendment these principles also apply to the actions of state and local governments like the County. *See Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 15 (1947).

The First Amendment requires "governmental neutrality between religion and religion, and between religion and nonreligion."

6

*McCreary County v. ACLU of Ky.*, 545 U.S. 844, 860 (2005). Where the "government acts with the ostensible and predominant purpose of advancing religion, it violates that central Establishment Clause value of official religious neutrality, there being no neutrality when the government's ostensible object is to take sides." *Id*. But, the First Amendment does not require "the government to purge from the public sphere all that in any way partakes of the religious." *Van Orden*, 545 U.S. at 699 (Breyer, J., concurring in the judgment). This is so because

> untutored devotion to the concept of neutrality can lead to invocation or approval of results which partake not simply of that noninterference and noninvolvement with the religious which the Constitution commands, but of a brooding and pervasive devotion to the secular and a passive, or even active, hostility to the religious.

*Id.* (quoting *School Dist. of Abington Township v. Schempp*, 374 U.S. 203, 306 (1963) (Goldberg, J., concurring)).

About 11 years ago the Supreme Court considered two cases involving the Ten Commandments displayed on the grounds of government buildings. As discussed above, in *Van Orden* the Court held that the display of the Ten Commandments on the state capitol grounds did not violate the First Amendment. Providing the

7

necessary fifth vote, Justice Breyer wrote that "[i]f the relation between government and religion is one of separation, but not of mutual hostility and suspicion, one will inevitably find difficult borderline cases." *Id*. In such cases, there is "no test-related substitute for the exercise of legal judgment." *Id*. That judgment "must reflect and remain faithful to the underlying purposes of the [First Amendment religion] Clauses, and it must take account of context and consequences measured in light of those purposes." *Id*. Justice Breyer concluded that "[t]he circumstances surrounding the display's placement on the capitol grounds and its physical setting suggest that the State itself intended the . . . nonreligious aspects of the tablets' message to predominate. And the monument's 40-year history on the . . . state grounds indicates that that has been its effect." *Id*. at 701. That Ten Commandments monument was allowed to stay.

The Supreme Court reached a different conclusion in the other case, *McCreary*. In that case the county governments went through a progression of displays, each including the Ten Commandments. The first display "stood alone, not part of an arguably secular display." 545 U.S. at 868. Like a previous case, it "had no context that might have indicated an object beyond the religious

character of the text." *Id*. After being sued over the first display, it was modified "by juxtaposing the Commandments to other documents with highlighted references to God as their sole common element." *Id*. at 870. The third display "was the 'Foundations of American Law and Government' exhibit, which placed the Commandments in the company of other documents the Counties thought especially significant in the historical foundation of American government." *Id*. at 870–71. It is not necessary to go through all the details here. It is enough to note that the Supreme Court concluded that a reasonable observer would "probably suspect that the Counties were simply reaching for any way to keep a religious document on the walls of courthouses constitutionally required to embody religious neutrality." *Id*. at 873. These cases "did not purport to decide the constitutionality of every possible way the Commandments might be set out by the government, and under the Establishment Clause detail is key." *See id*. at 867.

Applying this general framework, the complaint plausibly states a claim that the County has violated the First Amendment. Contrary to the County's contentions, the complaint has more than "naked" or "bald" assertions of wrongdoing. It is enough that it al-

9

leges that the County approved the placement of a large Ten Commandments monument in the courtyard of the Levy County courthouse and the Board unveiled the monument through a religious ceremony which included prayers.

The County argues that the display of the Ten Commandments in the courtyard is private speech in a limited public forum. *See, e.g.*, *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). In support, the County submits what appears to be its monument placement guidelines. The County says the guidelines may be considered here, citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) for the proposition that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Id.* at 1369. That is a correct statement of the law. But Plaintiffs did not refer to the guidelines in their complaint. And while the guidelines may be important to the County's defense, they are not central to the Plaintiffs' complaint. Even if the guidelines were considered,

there is no evidence before this Court that the Ten Commandments monument was approved under these guidelines.

IV

Turning next to the equal protection claim, the County says that Plaintiffs lack standing to bring it and that the claim, as stated, is meritless. Again, this Court disagrees on both points

A

The County asserts that Plaintiffs lack standing to challenge the denial of their request to place another monument in the courtyard. In support, the County points to its monument placement guidelines, Plaintiff's initial monument placement application, a staff review of that application recommending denial, the County's denial of that application, Plaintiffs' appeal of that denial and amended application, a staff review of the amended application, and the County's denial of the amended application. *See* ECF Nos. 11-1 through 11-5. The County argues that it denied these applications because they failed to comply with the monument placement guidelines; the actual applicants were not a "legal entity" and the inscriptions on the proposed monuments were not complete texts, only portions of texts.

The County argues that the injury—denial of the application—is not redressable by a favorable decision. They say that "[s]everal courts, including the Eleventh Circuit, have recently concluded that a plaintiff challenging a sign ordinance cannot demonstrate redressability if the plaintiff's permit applications violate unchallenged provisions of the ordinance." ECF No. 11 (quoting *Roma Outdoor Creations, Inc. v. City of Cumming*, 599 F. Supp. 2d 1332, 1340–41 (N.D. Ga. 2009), and omitting bold).

This Court will not dismiss the equal protection claim at this stage of the case for lack of standing. First, the rule cited might not be the controlling one. In *KH Outdoor, L.L.C. v. Clay County*, 482 F.3d 1299 (11th Cir. 2007), the court did say that the injury there "is not redressable because the applications failed to meet the requirements of other statutes and regulations not challenged." *Id.* at 1303. But whether that rule is consistent with prior panel decisions treating the issue as a same-decision defense may be an open question. *See KH Outdoor, L.L.C. v. Fulton County*, 587 F. App'x 608, 616 (11th Cir. 2014) (Hinkle, J., concurring in part); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). Second, the rule may be inapplicable based on the na-

ture of the claim. That is, the claim may be based on the promulgation of the monument placement guidelines, how the guidelines were applied, or some combination of both. This Court cannot say definitively on this record that the applications "fail[] to meet the requirements of other statutes and regulations not challenged." Finally, Plaintiffs should have an opportunity to submit evidence of their own in response to the County's evidence before this Court decides this standing issue. *See, e.g., Ala. Legislative Black Caucus v. Alabama,* 135 S. Ct. 1257, 1269 (2015) (discussing elementary procedural fairness).

B

The County asserts that the complaint fails to state an equal protection claim. The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." A law that does not burden a fundamental right or target a suspect class is upheld so long as the law has a rational relationship to some legitimate end. *Romer v. Evans*, 517 U.S. 620, 631 (1996).

Plaintiffs rely on *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), where the Supreme Court said that "[a] law burdening religious practice that is not neutral .

13

. . . must undergo the most rigorous of scrutiny." *Id.* at 546. "[W]here the challenged action involves alleged discriminatory treatment of various religions by a government, the court has applied a strict scrutiny/compelling governmental interest standard similar to that which prevails under equal protection analysis." *ACLU of Georgia v. Rabun Cnty. Chamber of Commerce, Inc.*, 698 F.2d 1098, 1110 n.20 (11th Cir. 1983) (quotation omitted). "[W]hile the Establishment Clause frames much of [the] inquiry, the requirements of the Free Exercise Clause and Equal Protection Clause proceed along similar lines." *Colo. Christian Univ. v. Weaver*, 534 F.3d 1245, 1258 (10th Cir. 2008). Government actions "involving discrimination on the basis of religion . . . are subject to heightened scrutiny whether they arise under the Free Exercise Clause, . . . the Establishment Clause, . . . or the Equal Protection Clause." *Id.* at 1266.

The County's arguments largely rely on documents which, for the most part, are not properly before this Court on a motion to dismiss. The possible exception might be the applications. Even if they were all considered, the County's suggestion that the Ten Commandments monument was erected as part of a limited public

14

forum raises the possibility of disparate treatment between applicants on the basis of religious belief. That is, allowing a Ten Commandments monument but denying an atheist group's request to place a monument suggests discrimination. And, again, the claim may be supported by facts concerning the promulgation of the monument placement guidelines, how the guidelines were applied, or some combination of both. The complaint plausibly states an equal protection claim.

* * *

Plaintiffs' complaint plausibly establishes standing and states claims upon which relief can be granted.

Accordingly,

**IT IS ORDERED:**

1. Defendant's motion to dismiss, ECF No. 10, is **DENIED**.

2. Defendant must answer the complaint within 21 days of the date of this order.

**SO ORDERED on January 27, 2016.**

                                          <u>s/Mark E. Walker           </u>
                                          **United States District Judge**