**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **AMERICAN ATHEISTS, INC., et al.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **1:15-cv-00113-MW-GRJ** |
| | : | |
| **v.** | : | **JUDGE MARK E. WALKER** |
| | : | |
| **LEVY COUNTY** | : | **MAGISTRATE JUDGE** |
| | : | **GARY R. JONES** |
| **Defendant.** | : | |

**DEFENDANT LEVY COUNTY'S ANSWER**
**AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Levy County ("Defendant" or "County"), by and through its undersigned counsel, pursuant to this Court's Order Denying Defendant's Motion to Dismiss (dkt. 19), files this Answer and Defenses to Plaintiffs' Complaint. (Dkt. 1, "Complaint"). In response to the correspondingly numbered paragraphs of the Complaint, Defendant states as follows:

**AS TO NATURE OF THE CASE**

1.      Defendant admits that Plaintiffs have attempted to bring a civil action, but denies that Plaintiffs have standing to bring such action and denies that Plaintiffs have stated any claim for relief. Defendant admits that Plaintiffs are attempting to challenge the placement of a monument outside of the Levy County Courthouse ("Courthouse") as a violation of the Florida and United States Constitution, but denies that Plaintiffs have stated any claims for relief. Defendant denies that it has placed the challenged monument outside the Courthouse. Defendant admits that a monument outside of the Courthouse contains the words, "The Ten Commandments," but is without sufficient knowledge or information to admit or deny the allegations concerning the height and weight of the challenged monument, and therefore denies the allegations concerning the height and weight of the monument on that basis. Defendant

denies that no other monuments are displayed outside the Courthouse. Defendant admits that Plaintiffs are seeking declaratory and injunctive relief and nominal damages under 42 U.S.C. § 1983, and costs and attorney's fees under 42 U.S.C. § 1988, but denies that Plaintiffs are entitled to any relief from this Court whatsoever. Defendant denies all other allegations.

## AS TO JURISDICTION

2.      Defendant admits that Plaintiffs purport to bring this action under the cited constitutional provisions and statutes, but denies that Plaintiffs are entitled to any relief under the cited constitutional provisions and statutes.

3.      Defendant admits that the cited statutes give this Court jurisdiction to decide constitutional claims in matters of actual controversy, but denies that this Court has subject matter jurisdiction over Plaintiffs' claims.

4.      Defendant admits that this Court has authority to grant declaratory and injunctive relief under the cited statutes in matters of actual controversy, but denies that Plaintiffs are entitled to any relief under the cited statutes in this action.

5.      Defendant denies the allegation.

## AS TO VENUE

6.      Defendant admits that venue is proper in this Court and denies all other allegations.

## AS TO PARTIES

7.      Defendant is without sufficient knowledge or information to either admit or deny the allegations and therefore denies them on that basis.

8.      Defendant is without sufficient knowledge or information to either admit or deny the allegations and therefore denies them on that basis.

9.      Defendant denies each and every allegation.

10.     Defendant admits that it approved a duly-filed application for a private party to erect the challenged monument, and further admits that the cited statute requires that county commissioners sue and be sued in the name of the County. Defendant denies that the County is subject to suit here, and denies all other allegations.

## AS TO FACTUAL ALLEGATIONS

11.     Defendant denies each and every allegation.

12.     Defendant admits that the Courthouse contains certain government offices and denies all other allegations.

13.     Defendant admits that there are certain monuments on the Courthouse grounds, admits that the American flag is flown on Courthouse grounds, and denies all other allegations.

14.     Defendant is without sufficient knowledge or information to either admit or deny the allegations concerning the height and weight of the monuments on the Courthouse grounds and therefore denies them on that basis. Defendant admits that a monument on the Courthouse grounds contains the words, "The Ten Commandments." Defendant denies all other allegations.

15.     Defendant denies each and every allegation.

16.     Defendant admits that Plaintiffs have submitted a deficient application to have a monument placed on the Courthouse grounds, and denies all other allegations.

17.     Defendant admits that Plaintiffs' deficient application to have a monument placed on Courthouse grounds was denied, and denies any remaining allegations.

## AS TO CLAIMS FOR RELIEF

### As to Declaratory Relief

18.     Defendant re-alleges and incorporates by reference its responses to the incorporated paragraphs.

19.     Defendant denies each and every allegation.

20.     Defendant denies each and every allegation.

21.     Defendant denies each and every allegation.

22.     Defendant denies each and every allegation.

23.     Defendant denies each and every allegation.

24.     Defendant denies each and every allegation.

25.     Defendant admits that Plaintiffs are seeking relief under the cited constitutional provisions and statutes, but denies that Plaintiffs are entitled to any relief whatsoever under those constitutional provisions and statutes, and denies all other allegations.

26.     Defendant admits that Plaintiffs are seeking an alternative declaration concerning their allegations, but denies that Plaintiffs are entitled to any relief whatsoever under the constitutional provisions and statutes cited, and denies all other allegations.

### As to Injunctive Relief

27.     Defendant re-alleges and incorporates by reference its responses to the incorporated paragraphs.

28.     Defendant admits that Plaintiffs are seeking injunctive relief under the cited statutes, but denies that Plaintiffs are entitled to any relief whatsoever under the cited statutes.

29.     Defendant denies each and every allegation.

30.     Defendant denies each and every allegation.

31.     Defendant denies each and every allegation.

32.     Defendant denies each and every allegation.

33.     Defendant denies each and every allegation.

34.     Defendant denies each and every allegation.

**As to Damages**

35.     Defendant re-alleges and incorporates by reference its responses to the incorporated paragraphs.

36.     Defendant denies each and every allegation.

37.     Defendant denies each and every allegation.

38.     Defendant admits that Plaintiffs are seeking nominal damages under the cited statute, but denies that Plaintiffs are entitled to any relief whatsoever under the cited statute.

39.     Defendant admits that Plaintiffs are seeking alternative remedies, but denies that Plaintiffs are entitled to any relief whatsoever under any constitutional provision, statute, rule, or other law.

**As to Attorney's Fees**

40.     Defendant re-alleges and incorporates by reference its responses to the incorporated paragraphs.

41.     Defendant admits that Plaintiffs are seeking attorney's fees and costs, but denies that Plaintiffs are entitled to any relief whatsoever under the cited statute or any statute.

42.     Defendant is without sufficient knowledge or information to admit or deny the allegations and therefore denies them on that basis.

43.     Defendant denies each and every allegation.

**As to Prayer for Relief**

44.     Defendant admits that Plaintiffs are seeking the relief requested in their prayer for relief, but denies that Plaintiffs are entitled to any relief whatsoever under any constitutional provision, statute, rule, or other law.

**AS TO JURY DEMAND**

45.     Defendant admits that Plaintiffs are seeking a jury trial on all issues triable by a jury, but denies that Plaintiffs are entitled to a jury trial, denies that there are any issues in this matter triable by a jury, and denies that Plaintiffs are entitled to any relief whatsoever that a jury could render under any constitutional provision, statute, rule, or other law.

**RESIDUAL DENIAL**

46.     Defendant denies each and every allegation in the Complaint, other than those allegations expressly and specifically admitted above.

**ADDITIONAL DEFENSES**

1.     Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2.     This Court lacks subject-matter jurisdiction over Plaintiffs' claims.

3.     Plaintiff American Atheists, Inc. lacks standing as an association to bring the claims in Plaintiffs' Complaint.

4.     Plaintiff American Atheists, Inc. does not have any members who have been sufficiently harmed by the challenged monument and therefore lacks standing to bring the claims in Plaintiffs' Complaint.

5.     Plaintiff Charles Sparrow does not have standing to bring the claims in Plaintiffs' Complaint.

6.      Plaintiffs have suffered no concrete injury sufficient to give them standing to bring the claims in their Complaint.

7.      Plaintiffs' purported injuries are not caused by any actions of the County.

8.      Plaintiffs' purported injuries cannot be redressed by any favorable decision by this Court.

9.       The challenged monument does not violate the Establishment Clause of the First Amendment to the United States Constitution.

10.     The challenged monument does not represent government speech by the County.

11.     The challenged monument is private speech in a limited public forum established by the County to recognize and commemorate people, events, and ideas that played a significant role in the development, origins, or foundations of American and Florida law, and the County.

12.     As the monuments displayed in the limited public forum outside the Courthouse represent private action and private speech, Plaintiffs cannot suffer any sufficient injury caused by any requisite state action necessary to bring a claim under the Establishment Clause of the First Amendment to the United States Constitution.

13.      Even if the challenged monument was government speech, which it is not, the challenged monument would have a secular purpose.

14.     Even if the challenged monument was government speech, which it is not, the challenged monument would not have the primary effect of benefitting or endorsing religion.

15.     Even if the challenged monument was government speech, which it is not, the challenged monument would not constitute excessive government entanglement with religion.

16.     Even if the challenged monument was government speech, which it is not, the challenged monument could not be viewed or perceived by any reasonable observer to represent the County's endorsement of religion.

17.     The challenged display does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

18.     Plaintiffs' proposed monument was not similarly situated to any monument on the Courthouse grounds.

19.     Plaintiffs' application to have a monument displayed on the Courthouse grounds was deficient and properly denied.

20.     Plaintiff American Atheists, Inc. is not similarly situated to other individuals or groups in the County.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in favor of Defendant, dismiss the Complaint, with prejudice, award Defendant the reasonable costs and attorney's fees incurred in defending this action, and award such other and further relief as is just and proper.

Dated: February 17, 2016

Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver
     FL Bar No. 0701092
Horatio G. Mihet
     FL Bar No. 026581
Roger K. Gannam
     FL Bar No. 240450
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854-0774
800-671-1776 Telephone
407-875-0770 Facsimile
court@LC.org

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2016, I caused the foregoing to be electronically filed with this Court. Service will be effectuated via this Court's electronic notification system on all counsel of record.

/s/ Horatio G. Mihet
Horatio G. Mihet
One of the attorneys for Defendant

9